## BARKER v. WALLACE.

CONTRACT.—*Agreement for Support of Bastard.— Action by Mother.—Performance.— Measure of Damages.—Pleading.*—The mother of a bastard child brought an action against the putative father, alleging in her complaint that the defendant, in order to avoid the shame of an exposure, had agreed with her, that, if she would remove from this to another state, he would

pay her a certain sum of money on the date of her departure, and a certain other sum as she might need it for the support of her family, during her residence in the latter state ; that she thereupon prepared to so remove, but the defendant, failing to pay to her such first mentioned sum, promised to remit the same to her within a specified time thereafter, whereupon she removed as agreed upon ; and that the defendant had wholly failed to pay her any part of such sums, and, her own means being exhausted, she had returned to this state.

*Held,* on demurrer, that the complaint is sufficient.

*Held,* also, that, if in such case the plaintiff had agreed, as her part of said contract, to remain in such state, the rule for the measure of her damages is compensation at the contract price for the part performed by her, and indemnity for her loss in respect to the part unexecuted.

SAME.—*Agreement to Convey Land.—Presumption.—Notice of Performance.*— One paragraph of the complaint in such action alleged, that the defendant, in order to provide support for such child, had agreed with the plaintiff, that, if she would convey to the child a certain tract of land belonging to her, he would pay to her a certain sum of money, discharge a certain lien on such land, and pay a certain debt owing from her to another; and that she had made such conveyance, as agreed upon, but that the defendant had failed to pay such sums of money.

*Held,* on demurrer, that the paragraph is sufficient, that the contract and its performance are presumed to have been one continuous transaction, and that the defendant is presumed to have had knowledge thereof, and was therefore not entitled to notice of performance.

From the Fountain Circuit Court.

*H. H. Stilwell, J. B. Martin, T. L. Stilwell* and *H. H. Dochterman,* for appellant.

*J. W. Cooper* and *W. A. Tipton,* for appellee.

WORDEN, J.—Complaint by the appellee against the appellant in two paragraphs.

The first alleged, in substance, that the plaintiff was the widow of William Wallace, deceased, and that the defendant was appointed, by the court of common pleas of Fountain county, as administrator of her deceased husband's estate; that the defendant, by his cunning, skill and diplomacy, and by using his position as such administrator, wrought upon the plaintiff's feelings and nature to such an extent as caused her to cohabit frequently with

him, the result of which was, that on the 31st day of July, 1872, the plaintiff gave birth to an illegitimate child, of which the defendant was the father; that at the time of the birth of the child the defendant was, and has ever since continued to be, a married man; that for the purpose of covering up the shame consequent upon his acts, and concealing the affair from his family, the defendant proposed to the plaintiff that she should emigrate to the State of Missouri, agreeing to pay her in consideration therefor the sum of five hundred dollars, as follows: One hundred dollars cash in hand on the day that she should start to move to said State, and the remaining four hundred as she might require it for the support of her family. Having full confidence in, and relying upon the promise thus made to her by the defendant, the plaintiff, at a great sacrifice and loss to herself, sold off her personal property, except bedding, wearing apparel, etc., which she shipped to the State of Missouri, and notified the defendant of her readiness under the agreement to depart for said State. The defendant then, for the first time, informed the plaintiff that he had not the money to pay her the one hundred dollars; that he could get it in a few days. He desired her to proceed to Missouri at once, agreeing that in two or three weeks he would either bring or send her the one hundred dollars. The plaintiff, relying upon the defendant's promises, at great expense to herself, proceeded to the State of Missouri and resided there for the space of six months; that the defendant failed to send or take to her the one hundred dollars or any part thereof; that, having used all her means in providing for herself and family, the plaintiff was forced to return to Indiana at great expense; that the plaintiff has fully complied with the agreement made between herself and the defendant, and that he has wholly failed, refused and neglected to pay the plaintiff any part of the sum agreed upon, whereby

she is damaged in the sum of one thousand dollars. Wherefore, etc.

The second paragraph alleged, in substance, that on July 31st, 1872, the plaintiff had born to her an illegitimate child of which the defendant was the father; that in order to make a settlement upon said child, named George E. Wallace, the defendant agreed with the plaintiff that if she would convey to said child a certain piece or tract of land, described in the complaint, of which the plaintiff was the owner, the defendant would pay to the plaintiff as consideration therefor the sum of three hundred dollars, as follows: One hundred dollars cash in hand, and execute to the plaintiff his promissory note for the remaining two hundred dollars, payable in one year from date, and also pay the then unascertained costs in a certain partition suit, which were a lien upon the land, and also pay the attorney's fee in the partition suit; that the plaintiff accepted the proposition thus made to her by the defendant, and, relying upon the agreement thus made, she on the 4th day of June, 1875, made and delivered to said George E. Wallace, the before mentioned child, a warranty deed for the land described; that the defendant has wholly refused to pay the plaintiff the said one hundred dollars, or to execute his note for the residue of the purchase-money, and has failed to pay the costs except the sum of twenty dollars, and the attorney's fee, though often requested to do so. Wherefore, etc.

The defendant demurred to each paragraph of the complaint, for want of sufficient facts, but the demurrers were overruled, and exception taken. Answer of general denial, payment and set-off. Issue; trial by jury; verdict and judgment for the plaintiff for seven hundred and two dollars and fifty cents.

The errors assigned call in question the correctness of

the ruling below on the demurrers and in overruling a motion for a new trial.

The objection which the counsel for the appellant make to the first paragraph of the complaint is, that it does not show that the plaintiff performed a condition precedent, which she was bound by the contract to perform. They insist that as the plaintiff was to emigrate to Missouri she was not only to settle in that State, but that she was to make it the place of her fixed, continuous and permanent residence and domicile. And it is insisted that as the plaintiff did not do this, but on the contrary returned to the State of Indiana, at the end of six months from the time she left it, she can not recover.

It is clear from the allegations of the complaint, that the plaintiff was not required to reside in Missouri for the residue of her life, as a condition precedent to her right to recover the whole sum of five hundred dollars. The one hundred dollars was to be paid to her in two or three weeks after she started for Missouri, and the remaining sum of four hundred dollars was to be paid to her along, " as she might require it for the support of her family." Without stopping to inquire whether the allegations of the complaint were sufficient to entitle the plaintiff to recover the four hundred dollars, we think it is manifest that they were sufficient to entitle her to recover the one hundred dollars, and, therefore, that the demurrer to the paragraph was correctly overruled. As to the sum of one hundred dollars, it is clear from the allegations that the plaintiff did all she was bound to do before being entitled to recover it.

The objection urged to the second paragraph is, that it does not aver that the defendant had notice that the plaintiff had conveyed the land to the child, nor that any demand was made before the action was brought.

If the defendant had notice that the plaintiff had conveyed the land according to the contract, then it is clear

that no demand was necessary before bringing the action. And, from the manner in which the matter is stated in the pleading, we think it must be inferred that the defendant had such notice. It is alleged that the defendant made to the plaintiff the proposition, which she accepted, and that she conveyed the land accordingly.

From the pleading it does not appear that the plaintiff was to convey the land at some future time, but the inference is that the making and acceptance of the proposition and the execution of the deed were parts of a continuous transaction, and we think it is not to be presumed, from the allegations, that the defendant was ignorant of the fact that the plaintiff complied with the contract on her part by executing the deed. The objection to the paragraph is not, in our opinion, well taken.

On the trial of the cause the court gave to the jury the following instruction, to which the defendant excepted :

" Gentlemen of the jury, if you believe from the evidence in the case that the contract set forth in the first paragraph of the complaint was made, and that the defendant agreed in that contract to pay the plaintiff the sum of five hundred dollars to move to, and remain in, the State of Missouri, and that for that sum the plaintiff was to remove to the State of Missouri and remain there during her life, or any other given length of time, and she did not remain the agreed length of time, if there was one, she could not recover on that contract unless she was prevented from remaining there by some act of the defendant. In other words, if you find from the evidence that the payment of the money (whatever sum was agreed upon, if any,) was the condition on which she was to remain the agreed length of time, if there was any such agreement, and it was necessary for her to have the money to remain in the State of Missouri the agreed length of time, and it was understood that her continuing to live there was conditional upon the

payment, and that the money was not paid by plaintiff to the defendant" [defendant to plaintiff?], "she could recover, although she did not remain in the State of Missouri the agreed length of time. And she would be entitled to recover whatever sum the defendant agreed to pay her for going and remaining in the State of Missouri for the entire time she was to remain."

We think the latter branch of the charge, in regard to the measure of damages, was erroneous.

The substance of the charge in respect to damages was, as we understand it, that, if the plaintiff was prevented from performing her part of the contract in full, by the failure of the defendant to perform his part, in not paying her as by the contract he was to pay her, and if such payment was the condition on which the plaintiff was to perform her part of the contract by remaining in Missouri for the stipulated length of time, she may recover the full amount which he was to pay her for the full performance of the contract on her part, though only partially performed by her.

We see no substantial difference between the case here and a case which, for illustration, we will suppose. Suppose that A. hires B. to build a house for $6,000, one-half of which is to be paid when the walls are up, and the other half when the house is completed. B., having erected the walls, expects his $3,000. He needs it to enable him to go on and complete the house. Its payment was a condition precedent to his obligation to finish the house. But A. refuses to pay it or any part of it; whereupon B. abandons the work and sues A. upon the contract. It is clear that his measure of damages is not the full sum that he was to have for the full and complete construction of the house. The rule of damages in such case, it seems to us, is recompense at the contract price for the work done, and indemnity for loss in respect to the part unexecuted. See Sedgwick Damages, 6th ed., top pages 250, 265, and notes.

The judgment below is reversed, with costs, and the cause remanded for a new trial. It having been suggested that one of the parties has departed this life since the cause was submitted, it is ordered that judgment be entered as of the term when the cause was submitted.